IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN M. CARANCHINI, | 1:11-cv-01089-AWI-DLB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO OBEY A COURT ORDER (DOC. 10) |
| v. | |
| MATTHEW CATE, et al., | OBJECTIONS, IF ANY, DUE IN TWENTY-ONE DAYS |
| Defendants. | |

On August 23, 2011, the Court issued a second order regarding consent to be returned within thirty (30) days. The thirty (30)-day period expired, and Plaintiff did not fileda consent or decline or otherwise responded to the court's order. On October 13, 2011, the Court issued an order to show cause why this action should not be dismissed for failure to obey a court order. As of the date of this order, Plaintiff has not responded.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th

1  Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute
2  an action, failure to obey a court order, or failure to comply with local rules.  *See*, *e.g.*, *Ghazali v.*
3  *Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); *Ferdik v.*
4  *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
5  requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.
6  1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court
7  apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal
8  for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir.
9  1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

10       In determining whether to dismiss an action for lack of prosecution, failure to obey a
11  court order, or failure to comply with local rules, the court must consider several factors: (1) the
12  public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;
13  (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
14  their merits; and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831;
15  *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61;
16  *Ghazali*, 46 F.3d at 53.

17       In the instant case, the court finds that the public's interest in expeditiously resolving this
18  litigation and the court's interest in managing the docket weigh in favor of dismissal.  The third
19  factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of
20  injury arises from the occurrence of unreasonable delay in prosecuting an action.  *Anderson v. Air*
21  *West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition
22  of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed
23  herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in
24  dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;
25  *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The court's order expressly stated:
26  "Failure to timely respond or otherwise show cause will result in a recommendation of dismissal
27  of this action."  Thus, plaintiff had adequate warning that dismissal would result from his
28  noncompliance with the court's order.

1      Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed based
2  on Plaintiff's failure to obey the court's order of October 13, 2011.
3      These findings and recommendations are submitted to the United States District Judge
4  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days
5  after being served with these findings and recommendations, Plaintiff may file written objections
6  with the Court.  Such a document should be captioned "Objections to Magistrate Judge's
7  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
8  specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d
9  1153 (9th Cir. 1991).
10     IT IS SO ORDERED.
11     Dated:   **November 17, 2011**              **/s/ Dennis L. Beck**
                                                   UNITED STATES MAGISTRATE JUDGE