# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN M. CARANCHINI,<br><br>          Plaintiff,<br><br>     v.<br><br>MATHEW CATE, et al.,<br><br>          Defendants.<br>_____/ | 1:11cv01089 AWI DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**I.     Background**

Plaintiff Benjamin M. Caranchini ("Plaintiff"), a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on July 1, 2011.

**II.    Legal Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. Id.

**III.     Summary of Complaint**

Plaintiff is incarcerated in the Secured Housing Unit at Corcoran State Prison in Corcoran, California, where the events giving rise to this action occurred.  Plaintiff names Secretary of CDCR Matthew Cate, Warden Raul Lopez, Jeffrey Neubarth, M.D., M. Briggs, Edgar Clark, M.D., Health Care Manager Joseph Obaiza, Health Care Appeals Coordinator Lisa Salinas and Appeals Examiner C. Hammond as Defendants.

Plaintiff alleges that on August 24, 2009, while incarcerated at Pelican Bay State Prison, Dr. Williams identified Plaintiff has having a Permanent Mobility Impairment Disability that impacted housing.  On August 31, 2009, Plaintiff appeared before the Classification Committee at Pelican Bay.  Plaintiff's counselor informed the Committee that she had contacted Defendant Briggs at Corcoran State Prison and was told that Plaintiff would be housed in an handicap unit upon transfer.  The Committee acted to transfer Plaintiff to Corcoran for adequate "ADA" housing.

On September 31, 2009, Plaintiff was transferred to Corcoran but he was not housed in a handicap unit or ADA housing.

On October 3, 2009, Plaintiff submitted an appeal and requested appropriate housing based on his disability and medical transfer.

1   On October 21, 2009, Plaintiff was interviewed by Defendant Neubarth.  Defendant
2 Neubarth denied Plaintiff's request for ADA housing.
3   On November 23, 2009, Defendant Clark and Defendant Obaiza denied Plaintiff's
4 request for ADA housing at the Second Level of Review.
5   On February 23, 2010, Defendant Hammond denied Plaintiff's request for ADA housing
6 at the Director's Level of Review.
7   In August 2010, Plaintiff was granted holding bars and a raised toilet, as well as holding
8 bars and a seat in the shower.  Plaintiff was issued a wheelchair on January 12, 2011.
9   On September 7, 2010, Plaintiff filed a Petition for Writ of Habeas Corpus in the Kern
10 County Superior Court based on allegations that he was denied housing in the SHU ADA
11 Building.  An order to show cause was issued to Respondents on March 23, 2011.
12   Based on these facts, Plaintiff alleges the following causes of action: (1) cruel and
13 unusual punishment in violation of the Eighth Amendment based on Defendants' failure to
14 provide him with "decent facilities;" (2) deliberate indifference to Plaintiff's physical mobility
15 impairment in violation of the Eighth Amendment based on "inhumane conditions"; (3)
16 intentional discrimination based on disability in violation of the Fourteenth Amendment; (4)
17 failure to train and supervise; and (5) deliberate indifference to serious medical needs in violation
18 of the Eighth Amendment based on failure to accommodate Plaintiff with adequate ADA
19 accommodations.
20   Plaintiff seeks monetary damages and declaratory relief.
21 **IV.   Analysis**
22   **A.   Supervisory Liability- Defendants Lopez and Cate**
23   Plaintiff alleges that "Supervisory Defendants" are liable for their failure to train or
24 supervise "subordinate employees."  Complaint, ¶ 54.  Plaintiff does not specifically identify
25 which Defendants he asserts this claim against, though earlier in his Complaint he characterizes
26 Defendant Lopez as the only Defendant in a supervisory position.  Complaint, ¶ 13.  The Court
27 will therefore interpret this cause of action as being alleged against Defendant Lopez.
28

Under section 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Ashcroft v. Iqbal, 129 S.Ct 1937 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Therefore, to state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor, 880 F.2d at 1045.

In his Complaint, Plaintiff alleges that "Supervisory Defendants" had actual and constructive knowledge of the violations and did not act to prevent or correct them. His factual allegations do not provide any insight, as there are no factual allegations made specifically against Defendant Lopez. The claim therefore fails to allege *any* facts which demonstrate that Defendant Lopez either personally participated in, knew of the violations and failed to act to prevent them, or promulgated a constitutionally deficient policy.

To the extent Plaintiff intended to include Defendant Cate in this cause of action, or any other cause of action, he fails to allege *any* facts involving Defendant Cate.

Plaintiff has therefore failed to state a cause of action against Defendants Lopez and Cate.

**B.     Eighth Amendment Claims**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are

sufficiently grave to form the basis of an Eighth Amendment violation.  <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992) (citations and quotations omitted).  In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  E.g., <u>Farmer v. Brennan</u>, 511 U.S. 825, 847 (1994); <u>Thomas v. Ponder</u>, 611 F.3d 1144, 1151-52 (9th Cir. 2010); <u>Foster v. Runnels</u>, 554 F.3d 807, 812-14 (9th Cir. 2009); <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's Eighth Amendment claims are based on Defendants' failure to provide him with "decent facilities," failing to provide him with adequate ADA accommodations and exposing him to "inhumane conditions" for over 20 months.  Complaint, ¶¶ 37, 49, 57.  He fails to state any facts, however, to support his allegations.  As such, his allegations fails to state a claim.

**C.    Equal Protection**

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose.  See <u>San Antonio School District v. Rodriguez</u>, 411 U.S. 1 (1972).  In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff.  <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); <u>Reese v. Jefferson Sch. Dist. No. 14J</u>, 208 F.3d 736, 740 (9th Cir. 2000); <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998); <u>Federal Deposit Ins. Corp. v. Henderson</u>, 940 F.2d 465, 471 (9th Cir. 1991); <u>Lowe v. City of Monrovia</u>, 775 F.2d 998, 1010 (9th Cir. 1985).  "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  <u>Barren</u>, 152 F.3d at 1194.

Here, Plaintiff's sole contention for violation of the Equal Protection Clause is that Defendants "intentionally discriminat[ed] against him on the basis of his disability."  Complaint, ¶ 51.  He has not alleged any facts, however, to support his claim.  Specifically, he hasn't alleged

5

that he was treated any differently than others similarly situated. Plaintiff's Equal Protection cause of action therefore fails to state a claim for which relief can be granted.[1]

### D. **Defendant Briggs**

To state a claim under section 1983, Plaintiff must allege that Defendants deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Additionally, there is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his own misconduct. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009).

Plaintiff's only factual allegation against Defendant Briggs is that he told Plaintiff's counselor that Plaintiff would be housed in a handicap unit once he arrived at Corcoran. Plaintiff does not allege that Defendant Briggs had any involvement in any subsequent decisions related to his placement. He has therefore failed to demonstrate that Defendant Briggs personally participated in the deprivation of his rights and has failed to state a claim against him.

### E. **Defendants Neubarth, Clark, Obaiza and Hammond**

Plaintiff's allegations against Defendants Neubarth, Clark, Obaiza and Hammond relate solely to their role in denying Plaintiff's appeals.

Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an

---

[1] Plaintiff is also advised that individuals with disabilities do not fall within a "suspect class" of persons under the Equal Protection Clause. City of Cleburne, 473 U.S. 432, 442 (1985); see also Serrano v. Francis, 345 F.3d 1071, 1079 n. 6 (9th Cir.2003). Accordingly, Plaintiff's equal protection claim is subject to rational basis review, meaning that there is no constitutional violation so long as "there is a rational basis between the disparity of treatment and some legitimate governmental purpose." Heller v. Doe, 509 U.S. 312, 320 (1993).

inmate appeal can be held liable under section 1983. However, that circumstance has not been presented here.

Plaintiff's conclusory allegation that Defendants Neubarth, Clark, Obaiza and Hammond denied his appeals is insufficient to support a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969. Furthermore, Plaintiff has not stated viable claims against any Defendants. Absent the presentation of facts sufficient to show that an Eighth Amendment violation occurred in the first place, Plaintiff cannot pursue a claim against those who reviewed the administrative appeal grieving the underlying denial of housing.

### F. Defendant Salinas

Plaintiff identifies Defendant Salinas as the Health Care Appeals Coordinator but then fails to connect him with any factual allegations. Moreover, to the extent Defendant Salinas simply denied his appeal, he would not be subject to liability.

## V. Conclusion And Order

The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 129 S. Ct. at 1949. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567

(citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified herein;
3. Plaintiff may not add any new, unrelated claims to this action via the amended complaint and any attempt to do so may result in an order striking the amended complaint; and
4. If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **February 13, 2012**            /s/ **Dennis L. Beck**
                                 UNITED STATES MAGISTRATE JUDGE

8