# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN M. CARANCHINI,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:11-cv-01089-AWI-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION BE DISMISSED FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO STATE A CLAIM<br><br>(DOC. 18)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

    Plaintiff Benjamin M. Caranchini ("Plaintiff") is a former California state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On February 14, 2012, the Court dismissed Plaintiff's complaint for failure to state a claim with leave to amend, and ordered Plaintiff to file an amended complaint within thirty days. No amended complaint was filed. On April 17, 2012, Plaintiff was ordered to show cause within fourteen days why this action should not be dismissed for failure to obey a court order and failure to state a claim. Doc. 18. As of the date of this order, Plaintiff has not responded or otherwise complied.

    Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*,

1  *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with
2  local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to
3  comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-
4  41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to
5  keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)
6  (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424
7  (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local
8  rules).

   In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

   In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal.  On February 14, 2012, Plaintiff was ordered to file an amended complaint, but failed to do so.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West,* 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The court's order expressly stated: "Failure to timely respond or to show cause will result in dismissal of this action for failure to obey a court order and failure to state a claim."  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, it is HEREBY RECOMMENDED that

1. This action be DISMISSED for failure to obey the Court's April 17, 2012 Order and for failure to state a claim;
2. This dismissal be subject to the three strikes provision of 28 U.S.C. § 1915(g). *Silva v. Vittorio*, 658 F.3d 1090, 1100 (9th Cir. 2011); and
3. The Clerk of the Court be directed to close this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 8, 2012**        /s/ **Dennis L. Beck**
                               UNITED STATES MAGISTRATE JUDGE